McCormack *v.* Sweeney *et al.*

We find no error in the record that would justify a reversal.

Judgment affirmed, at costs of appellant.

Ross, J., was absent.

Filed Oct. 18, 1893.

———◆———

No. 943.

McCORMACK *v.* SWEENEY ET AL.

PARTNERSHIP.—*Dissolution.*—*Final Settlement.*—*Indemnifying Bonds.*— A. and B. were partners, and in contemplation of a dissolution of the partnership and a final settlement, they entered into a written agreement showing the condition of the affairs of the firm, among the liabilities of the firm being a number of claims designated as "disputed." A. purchased B.'s interest in certain real estate, and applied a part of the purchase-money in payment of undisputed liabilities of the firm. Each executed to the other an indemnifying bond to secure the other against loss by reason of nonpayment, by either, of his portion of the partnership liabilities. Such bond can not be construed to include individual debts for which the firm was primarily liable to the creditor.

From the Bartholomew Circuit Court.

*G. W. Cooper, C. B. Cooper, J. F. Cox* and *W. L. Cox,* for appellant.

*W. H. Everroad, S. Stansifer* and *C. S. Baker,* for appellees.

REINHARD, J.—McCormack and Sweeney were partners in business as contractors and builders. In the year 1886, they dissolved partnership, and, in contemplation of a final settlement, entered into a written agreement showing the condition of the affairs of the firm. In this agreement, the assets and liabilities of the concern are specified, as far as known to the parties. Among the

list of liabilities of the firm, there are a number of claims designated as disputed. Among the assets of the partnership, there was an item of real estate valued at $22,-000. Subsequently, McCormack agreed to take this real estate at its estimated price, and Sweeney conveyed to him his interest in the same. Thereupon the parties entered into another written agreement, which shows that McCormack, according to the first agreement, paid out of the purchase-money of said real estate all the undisputed debts of the firm, leaving a balance due Sweeney, from McCormack, of $5,497.25½, which he paid him, as shown by receipt of March 20, 1886. There was some other real estate and personal property owned by the firm, which, according to the first agreement, was to be sold and the proceeds divided equally. It was further stipulated, in the first agreement, that as to the disputed claims and any others that might thereafter come up against the firm, each party should execute to the other a bond of indemnity to secure the other against any loss by reason of nonpayment of said debts by either. In pursuance of this stipulation, Sweeney executed a bond to McCormack with the appellee Schwartzkopf as surety, and this action was instituted on such bond. The complaint is in two paragraphs, both containing substantially the same averments, except that the second paragraph contains a more specific allegation than the first upon the subject of a settlement between the partners prior to the suit.

The bond sued upon is as follows:

"We, Patrick H. Sweeney and John G. Schwartzkopf, agree to indemnify P. H. McCormack from any loss which he may sustain by reason of the nonpayment by said Sweeney of his proportion of any of the partnership liabilities of the late firm of McCormack & Sweeney. Witness," etc.

Besides the facts hereinbefore set out, it was averred,

in each paragraph of the complaint, that after the execution of the bond the firm was sued on a note executed during the existence of the partnership, by the appellee Sweeney, without the knowledge or consent of appellant, which note was contained in the list of disputed claims referred to, but it was not stated, in the written agreement, whether the note was disputed by McCormack alone or by the firm. It was further alleged that this note, which was for $2,500, interest and attorney's fees, was payable in bank to M. A. Sweeney & Bro., and had been by them assigned, by indorsement, before maturity, to the First National Bank of Jeffersonville, Ind., which was an innocent holder of the note at the time of suit; that said note, though given by Sweeney in the firm-name, was in fact given for his individual debt, but that by reason of its character as a note governed by the law merchant, and its indorsement to an innocent holder, without notice, before maturity, the firm was primarily liable thereon, and the appellant was not permitted to set up the defense that it was not given for a partnership liability, and that judgment was therefore rendered on the note against both McCormack and Sweeney, and that appellant was compelled, by execution and levy on his property, to pay one-half thereof, appellee Sweeney paying the other half. It is further averred that each partner was liable for one-half of the firm's debts.

Separate demurrers were filed by each of the appellees to each paragraph of the complaint, and these were sustained by the court. This ruling is assigned as error, and its correctness is the only question presented to us for determination.

No question is raised as to whether or not the written agreements of settlement between the partners, filed with the complaint, are proper exhibits, and may be looked to

in giving construction to the complaint and the bond declared upon. As both parties have treated such papers as proper exhibits, we have acted upon that theory, and have construed the bond in the light of the circumstances disclosed in these agreements. After a careful consideration of all the facts contained in the complaint, and the papers filed therewith, we are unable to find anything which makes the appellees liable on the bond for the indebtedness mentioned. We must yield to the contention of appellees' counsel, that the debt in question was either a firm debt, or it was the individual debt of Sweeney. If the former, the appellant can not complain, for he admits in his pleading that Sweeney has paid his part. But if it was Sweeney's individual debt, then it is not covered by the bond.

If we understand the appellant's contention, it is that the subsequent transfer of the note, by indorsement, to an innocent holder, before maturity, precluded the appellant from interposing the defense that the note was not given for a partnership liability. Conceding the premises, the conclusion does not follow that the note is covered by the bond. Considerations of public policy may require that the appellant should not be permitted to question primarily the liability of the firm, as between it and the plaintiff, in the action on the note, but this fact does not change the character of the indebtedness or liability as between the members of the firm. The language of the bond does not admit of the construction which the appellant asks us to place upon it. It provides only for liability in case of loss on account of Sweeney's failure to pay his proportion of the debts of the partnership. The fact that the word liabilities was employed, instead of the word debts, does not change the sense of the obligation in the bond. It is apparent that the word liabilities was here used in contradistinction to

assets. There was a dissolution of partnership and a settlement between the partners of the assets and liabilities of the firm; *i. e.*, the property and credits on the one hand, and the indebtedness of the concern on the other. The firm still owed some debts, which were in dispute, and there might be others not then presented. McCormack had paid, or was about to pay, to Sweeney the cash for the latter's interest in the real estate, valued at $22,000. In case Sweeney should fail to pay his part of the firm's debts, McCormack would have no opportunity of reimbursing himself. Hence the bond was taken. But it can not be held that the parties intended that if any portion of the disputed claims should prove to be individual debts, for which the firm was primarily liable to the creditor, these, too, should be included in the obligation of the bond. Had such been the intention of the parties, they could easily have so stipulated. The court can not add to the burden of the obligors by construction. The bond provides only for the payment of "Sweeney's proportions of the partnership liabilities" of the firm. Sweeney's individual debt was not a proportionate part of the indebtedness of the firm. The liability was solely his own. The court was therefore justified in holding that there was no liability on the bond, and the other reasons urged against the sufficiency of the complaint need not be considered. The demurrer to each paragraph was properly sustained.

Judgment affirmed.

Ross, J., was absent.

Filed Oct. 19, 1893.